Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 3556 | **DATE** | 7/20/2001 |
| **CASE TITLE** | WILLIE STRODE vs. JERRY L. STERNES | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] The petition for habeas corpus [1-1] is denied. ENTER MEMORANDUM OPINION AND ORDER.

*/s/ Suzanne B. Conlon*

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JUL 2 3 2001 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | 12 |
| ✓ | Mail AO 450 form. | FILED FOR DOCKETING | 7/20/2001 | |
| | Copy to judge/magistrate judge. | 01 JUL 20 PM 6: 13 | date mailed notice | |
| sb | courtroom deputy's initials | Date/time received in central Clerk's Office | pg mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WILLLIE STRODE | ) | |
| | ) | |
| Plaintiff, | ) No.01 C 3556 | |
| | ) | |
| v. | ) Suzanne B. Conlon, Judge | |
| | ) | |
| JERRY L. STERNES | ) | |
| Defendants. | ) | |

**DOCKETED JUL 2 3 2001**

## MEMORANDUM OPINION AND ORDER

Willie Strode ("Strode") seeks a writ of habeas corpus against Dixon Correctional Center Warden Jerry L. Sternes, pursuant to 28 U.S.C. § 2254.

## BACKGROUND

Following a 1999 bench trial in the Circuit Court of Cook County, Strode was convicted of burglary. He was sentenced to eight years in the Illinois Department of Corrections to run consecutively with a seven year sentence on a prior conviction for the same offense. The Illinois Appellate Court ("the appellate court") affirmed Strode's conviction and sentence on June 30, 2000. Three months later, the Illinois Supreme Court denied Strode's petition for leave to appeal. On January 19, 2001, the Circuit Court of Cook County dismissed Strode's petition for post-conviction relief.

On May 14, 2001, Strode filed a *pro se* petition for habeas corpus relief. In the petition, Strode argues: (1) he received ineffective assistance of counsel because his attorney failed to offer the testimony of the only potential defense witness; and (2) he was subjected to an

-1-

enhanced sentence based on prior convictions that were not proven to a jury beyond a reasonable doubt.

## DISCUSSION

### I. Standard of review

A federal court will not grant habeas corpus relief on any claim adjudicated on the merits by a state court unless (1) the state court applied a Supreme Court doctrine unreasonably to the facts of the case, or (2) the state court's decision relied on an unreasonable reading of the facts in light of the evidence presented. 28 U.S.C. § 2254 (d). For relief based on an unreasonable application of Supreme Court doctrine, the state court's decision must be both incorrect and unreasonable. *Washington v. Smith*, 219 F.3d 620, 628 (7th Cir. 2000).

### II. Ineffective assistance of counsel

In ruling on Strode's ineffective assistance of counsel claim, the appellate court relied upon the standard outlined in *Strickland v. Washington*, 466 U.S. 668 (1984). In order to prove ineffective assistance of counsel under this standard, Strode must establish that (1) his counsel's representation fell below an objective standard of reasonableness, and (2) a reasonable probability exists that, but for his counsel's alleged errors, the outcome of his case would have been different. *Washington v. Smith*, 219 F.3d 620, 627 (7th Cir. 2000) (citing *Strickland*, 466 U.S. at 687-688).

Strode contends his counsel acted unreasonably by not calling Gregory Smith ("Smith") as a witness in his defense. Strode further contends his counsel should have interviewed Smith or issued him a subpoena. However, the appellate court noted that Strode's counsel attempted to

locate Smith by going to his home and calling him on the phone.[1] Smith could not be located. An interview was therefore impossible. Similarly, a subpoena could not have been served.

Trial counsel have discretion in making strategic case decisions. *Strickland*, 466 U.S. at 689. The decision not to call a witness may be strategic. *Foster v. Schomig*, 223 F.3d 626, 631 (7th Cir. 2000). When evaluating an attorney's decision not to call a witness, courts "presume that [the attorney's] conduct falls within the wide range of reasonable professional assistance. . ." *United States v. Pergler*, 233 F.3d 1005, 1010 (7th Cir. 2001) (internal citations and quotations omitted). Strode did not overcome this presumption by showing his counsel "failed to pursue a legitimate trial strategy by declining to call [Smith]." *See id.* Strode merely asserts Smith was at the scene of the alleged offense. He does not give any indication as to what testimony Smith could provide. Strode's counsel might have been similarly uninformed or might have concluded Smith's testimony would be detrimental to the case. *See id.* Accordingly, the appellate court correctly found that the representation Strode received did not fall below an objective standard of reasonableness.[2]

## III. Enhanced sentence

Strode contends the enhanced sentence he received based on two prior convictions was unconstitutional, in light of the Supreme Court's recent ruling in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Specifically, he contends that under *Apprendi*, his two prior convictions should

---

[1] Strode has not challenged the appellate court's factual findings. Thus, they are presumed true. *See* 28 U.S.C. § 2254 (e)(1) (factual findings of a state trial or appellate court are presumed true in a federal habeas proceeding unless the petitioner rebuts the presumption with clear and convincing evidence).

[2] Because Strode has not proffered the substance of Smith's potential testimony, he also fails to establish that the testimony probably would have changed the outcome of the case.

have been submitted to a jury and proven beyond a reasonable doubt. The government asserts Strode is not entitled to collateral review on this issue because he did not raise the issue on direct appeal.

Strode admits he raises the *Apprendi* issue for the first time in his habeas petition. Therefore, his argument is procedurally barred from collateral review unless he can show: (1) "good cause" for the procedural default and "actual prejudice" from the failure to raise those claims; or (2) that failure to review the claims would result in a "fundamental miscarriage of justice." *McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996). The "cause and prejudice" standard is more rigorous than the "plain error" standard used on direct review. *United States v. Frady*, 456 U.S. 152, 170 (1982).

Strode cannot show cause for failing to raise his *Apprendi* arguments at trial or on appeal. It is an insufficient justification that *Apprendi* was not issued until four days before the appellate court affirmed his conviction. "The lack of precedent for a position differs from 'cause' for failing to make a legal argument. Indeed, even when the law is against a contention, a litigant must make the argument to preserve it for later consideration." *United States v. Smith*, 241 F.2d 546, 548 (7th Cir. 2001). Cause can be established when there is no reasonable legal basis for an argument. However, "the foundation of *Apprendi* was laid long before 1992." *Id.* Therefore, Strode's procedural default on the *Apprendi* issue cannot be waived based on a showing of "cause and prejudice." In addition, Strode makes no showing that denying collateral review of the sentencing decision will result in a fundamental miscarriage of justice.

## CONCLUSION

The petition for habeas corpus is denied.

July 20, 2001

ENTER:

Suzanne B. Conlon
United States District Judge